FILED
United States Court of Appeals
Tenth Circuit

January 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DANIEL WAYNE LOWE,

     Defendant - Appellant.

No. 15-2091
(D.C. No. 1:07-CR-00484-MCA-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

    Daniel Lowe admitted to violating two conditions of his supervised release. The

district court revoked his supervised release and sentenced Lowe to fourteen months'

imprisonment. His counsel moves for leave to withdraw in a brief filed pursuant to

Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C.

§ 1291 and 18 U.S.C. § 3742(a), we dismiss the appeal and grant counsel's motion to

withdraw.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

When an attorney conscientiously examines a case and determines that an appeal would be frivolous, counsel may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit a brief highlighting any potentially appealable issues. The defendant may then submit a pro se brief. If, upon carefully examining the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id.

Lowe has not filed a pro se brief. Counsel states that Lowe felt he should have received credit for time served in state custody on charges for state crimes committed after his parole violation. See 18 U.S.C. § 3585(b)(2). We agree with counsel that this claim would be wholly frivolous. Under United States v. Wilson, 503 U.S. 329 (1992), district courts lack the power to award credit for presentence confinement. "[C]omputation of the [§ 3585(b)] credit must occur after the defendant begins his sentence," and thus the statute "does not authorize a district court to compute the credit at sentencing." Id. at 333, 334. Instead, the Attorney General, through the Bureau of Prisons, must "make the determination as an administrative matter when imprisoning the defendant." Id. at 335. Thus, the district court did not have authority under § 3585 to grant the relief Lowe requests. And we have not independently discovered any appealable issues in our review of the record.

Because we are not presented with any meritorious grounds for appeal, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge